(No. 14498.—Judgment affirmed.)

MAX ROTHSTEIN et al. Appellees, vs. JACOB G. GROSSBERG et al. Appellants.

*Opinion filed June 21, 1922—Rehearing denied October 5, 1922.*

PRINCIPAL AND AGENT—*when attorneys cannot retain proceeds of checks for services rendered an agent.* Attorneys who for services rendered an agent in his private affairs receive checks drawn by the agent on his principal's funds and signed in his principal's name by himself, as agent, to cover the retainer fee and a portion of the amount deposited to indemnify the agent's bondsmen, can not, as against the principal, retain the proceeds of the checks for their fees.

CARTER, J., specially concurring.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.

JULIUS L. KABAKER, for appellants.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, Max Rothstein and William Rothstein, partners under the name of Majestic Dress Company, engaged in manufacturing dresses in the city of New York,

brought this suit in the municipal court of Chicago against the appellants, Jacob G. Grossberg and Nathan Haffenberg, a firm of attorneys practicing in Chicago, to recover the proceeds of checks received by the defendants from E. B. Weitzen, agent of the plaintiffs in charge of a branch of the business in Chicago, in payment for legal services rendered to the agent, Weitzen. The affidavit of merits stated that the checks were received by the defendants from Weitzen for legal services rendered to him, without knowledge or notice that the checks were not his property or that he did not have full right and authority to dispose of the proceeds. The cause was tried by the court without a jury and judgment was rendered for $790.50. On appeal to the Appellate Court for the First District the judgment was affirmed, and a certificate of importance was allowed and an appeal to this court.

There was no substantial disagreement as to the facts, which are as follows: The plaintiffs manufactured dresses in the city of New York and established a branch in Chicago for the sale of their product. E. B. Weitzen was placed in charge of the branch business, and by written contract agreed to operate the branch in the name of the Majestic Dress Company and give his whole time and attention to the business under the sole direction of the plaintiffs. The plaintiffs were to supply merchandise, to be charged to the Chicago branch at cost, plus ten per cent, and was to be sold in the name of the plaintiffs. Weitzen was to have no power to buy any merchandise or incur any debts or expense on behalf of the plaintiffs unless first authorized by them. He was to receive payments for sales and deposit the moneys in such bank as the plaintiffs might designate, under the name of the Majestic Dress Company and to its credit. All approved expenses of the branch were to be paid direct from that account and no payments were to be made from the funds of the Majestic Dress Company for any other purpose. All checks drawn on the deposit account

were to be signed by Weitzen in the firm name as agent, as follows: "Majestic Dress Company, by E. B. Weitzen, Agent." He was to receive a salary of $50 per week and 33⅓ per cent of the net profits. The plaintiffs designated the National City Bank of Chicago for the deposit of funds. Weitzen took charge of the branch business in Chicago and in September, 1918, was arrested by Federal authorities under the Mann act and imprisoned. His brother, Joe Weitzen, applied to the defendants for legal assistance and to secure a release on bail. The defendants agreed to take charge of the matter and informed Joe that they must have a retainer and the sureties must be indemnified. The bail was $1500, and Joe took a lot of blank checks of the Majestic Dress Company and made a pencil notation of his initials on them. The blank checks were taken to Weitzen, who signed the same in blank, "Majestic Dress Co., by E. Ben Weitzen, Agent." The checks were delivered to Joe, who took three of them to the office of the defendants and the blank checks were filled out by the defendant Nathan Haffenberg. One check was to the order of the defendants for $250, which Joe marked "Retainer." The other checks were filled out payable to bearer, one for the sum of $1000 and the other for $500. The checks were taken to the bank by Joe to be certified. The check for $250 was certified, but the bank refused to certify the $1000 check because it was drawn to bearer. Joe went back to Haffenberg and notified him of the objection made by the bank and telephoned to Dorothy Hirsch, the book-keeper at the branch, and she went to the bank and indorsed the check and the bank gave her $1000, which she handed over to Joe, and he took the currency and $500 check to Haffenberg. There was not sufficient funds to cover the $500 check, and it was held for a few days, when it was deposited to the credit of the defendants and paid. The checks for $1000 and $500 were to be for the security of the bondsmen, and it was agreed that Haffenberg should hold

them for that purpose. The trouble was soon after settled by the marriage of Weitzen and the woman and he was discharged from custody. The defendants made a charge of $500 in addition to the retainer, and on October 9, 1918, Weitzen notified them to turn over to the plaintiffs the $1000 in currency and the check for $500 which they held to indemnify the bondsmen, stating: "The foregoing sum of $1500 is and was withdrawn from the funds of the Majestic Dress Company and the money should be turned over to them." On October 12, 1918, the defendants paid the plaintiffs' attorney $1000 without prejudice to the rights of either party.

The court held propositions of law and fact, some of which were conflicting and would have led to a judgment for either party, and others stating rules of law not applicable to any evidence in the case but based on rules for governing the transfer of negotiable paper by one having apparent title and authority. It is not necessary to consider the propositions, since the judgment was the necessary result of the application of the law to the facts.

The proposition that the defendants were entitled to retain $750 for services rendered to E. B. Weitzen because $1000 was delivered to Haffenberg, and, as money has no ear-marks, the defendants had a right to assume that it was the money of Weitzen, cannot be entertained for several reasons. The defendants did not receive the $1000 in currency as payment but as a trust fund, to be returned on the release of the bail. The check was filled up by Haffenberg and was drawn on the bank account of the Majestic Dress Company of Chicago in its name by E. Ben Weitzen, agent. The check was sent to the bank and the money received and given to Haffenberg, so that there was no reliance on any assumption that the currency belonged to Weitzen. Notice appeared on the face of that check and the other checks that they were drawn on the account of the Majestic Dress Company, and Weitzen was acting as

an agent in a representative capacity and his authority was limited by the scope of his agency. As the checks were signed, the designation "agent" was not a description of the person but showed a relation to the Majestic Dress Company as agent, and the defendants had no right to assume that Weitzen was either the Majestic Dress Company, a partner in the firm, or that he occupied any other relation than that, in fact, he did occupy as an agent. The defendants had actual knowledge that Weitzen, the agent, was drawing out of the funds of the Majestic Dress Company money for his own purposes and for his own private benefit, and the consideration for which the checks were given was not for any services for that company. The transaction was simply and plainly payment of the retainer by an agent by means of the check for $250 drawn on the funds of his principal and the deposit of $1500 for the personal benefit of the agent to indemnify his bondsmen.

Counsel for defendants says that the remedy was in equity to adjust accounts with Weitzen and therefore the municipal court had no jurisdiction, and that it was error to allow interest on the moneys of the plaintiffs received for their use by the defendants and withheld. There is no assignment of error on either proposition.

The judgment was right, and the judgment of the Appellate Court affirming it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, specially concurring:

I concur for reasons not stated in the foregoing opinion with the conclusion reached therein. I do not see how appellants can raise the question here as to whether or not the $1000 received from the bank by them was given to them by check or in cash, for under the affidavit of merits filed by appellants they practically concede that it was paid by check. They therefore cannot now raise the question in this court whether it was paid by check or cash.